UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RESHAD J. RIDDLE, | ) | CASE NO. 1:14 CV0787 |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| ASHTABULA COUNTY SHERIFF'S DEPARTMENT, | ) | MEMORANDUM OF OPINION AND ORDER |
| Defendant. | ) | |

*Pro se* Plaintiff Reshad J. Riddle filed the above-captioned civil rights Complaint against the Ashtabula County Sheriff's Department pursuant to 42 U.S.C. § 1983. Mr. Riddle, who is a pre-trial detainee at Ashtabula County jail, asserts the defendant is causing him emotional and physical "duress." He seeks "full compensation" as well as "mutual respect" for his religious beliefs and access to numerous legal and religious materials. For the reasons that follow, the Complaint is dismissed.

*Background*

The factual allegations in the Complaint are not described in complete sentences. Only inferences can be drawn from these conclusory statements. The Court can discern that Mr.

Riddle is complaining about the conditions of his confinement.

Mr. Riddle states he has been held in the Corrections Section of the Ashtabula County Sheriff's Department since April 13, 2013.[1] During this time, he claims was in lock up from May 28, 2013 until August 21, 2013. This period included the Ramadan fast and prayer services "that were not recognized or properly executed." (Doc. No. 1 at 4.)

Without providing any dates or describing the nature of his requests, Mr. Riddle states he sent grievances to the "sheriff, administration and numerous other officials without any response." *Id.* He argues that his religious freedom has been "broken" and he "believe[s] I'm being refused trays of food, visits, mail and [the] ability to appear in court along with biased treatment." *Id.*

Finally, he outlines a laundry of items for which he seeks compensation. These include, but are not limited to, a Quran, a holy bible translated in three languages, kosher meals, spiritual cleansing instructions and prayer rugs. He also asks that "inmates ... be provided access to libraries and paralegal services." (Doc. No. 1 at 5.)

*Standard of Review*

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the

---

[1] The Ashtabula County Court System reveals Mr. Riddle was indicted April 18, 2013 on one count of aggravated murder with specification in violation of R.C. 2903.01(A); one count of murder with specification in violation of R.C. 2903.02(A); and one count of having weapons while under disability in violation of R.C. 2923.13(A)(2). *See State v. Riddle*, No. 2013 CR 00208 (Ct. Com. Pl. Ashtabula County)(Vettel, J.)

plaintiff seeks monetary relief from a defendant who is immune from such relief.[2] 28 U.S.C. §1915A; *Onapolis v. Lamanna*, 70 F. Supp.2d 809 (N.D. Ohio 1999)(if prisoner's civil rights complaint fails to pass muster under screening process of Prison Litigation Reform Act (PLRA), district court should *sua sponte* dismiss complaint); *see Siller v. Dean*, No. 99-5323, 2000 WL 145167 at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

*Failure to State a Claim*

To prevail in a civil rights action under 42 U.S.C. §1983, a plaintiff must plead and prove that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the Constitution and law of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 alone

---

[2]The relevant statute provides:

> **(a) Screening**.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> **(b) Grounds for dismissal**.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

28 U.S.C. §1915A(b)(1).

creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution or federal laws. *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979). The statute applies only if there is a deprivation of a constitutional right. *See e.g., Paul v. Davis*, 424 U.S. 693, 699-701(1976); *Baker*, 443 U.S. at 146-47. Thus, "[t]he first inquiry in any § 1983 suit ... is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws'" of the United States. *Baker*, 443 U.S. at 140.

Mr. Riddle does not allege he was deprived of any rights secured by the Constitution. The Civil Sheet he completed provides some detail in that he claims he is being denied access to the law library and a "private line" for his attorney. Because the First Amendment provides an explicit source of constitutional protection against this particular sort of governmental conduct, the Court will liberally use this as a guide to analyze his claim. *See Graham v. Connor*, 490 U.S. 386, 395 (1989).

The right of access to the courts is a fundamental right protected by the constitution. *Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Ward v. Dyke*, 58 F.3d 271, 275 (6th Cir.1995). The right of access guarantees access to the courts, not necessarily an adequate prison law library. *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir.1985). Moreover, "a prisoner's constitutionally-guaranteed right of access to the courts has been protected when a state provides that prisoner with either the legal tools necessary to defend himself, *e.g.*, a state-provided law library, or the assistance of legally-trained personnel." *Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir.1983).

Mr. Riddle does not allege any facts beyond a conclusory allegation that he is being denied access to the court. This is not sufficient to state a constitutional claim for relief. A

review of the docket in his criminal case reveals Mr. Riddle has been represented by counsel since he entered a not guilty plea by reason of insanity on April 25, 2013. To the extent he is challenging his representation, the Court lacks jurisdiction to address such a claim and he has an adequate state remedy to redress that concern.

Mr. Riddle does state he is still "awaiting medical treatment from a doctor visit on May 20, 2013," that resulted in many months of "stress." (Doc. No. 1 at 4.) He does not disclose what treatment he is awaiting or that he is being "denied" care. Pre-trial detainees are afforded a right to medical treatment under the Due Process Clause of the Fourteenth Amendment that is analogous to prisoners' rights under the Eighth Amendment. *Gray v. City of Detroit*, 399 F.3d 612, 615–16 (6th Cir.2005). Accordingly, Plaintiff's remaining claim is appropriately analyzed according to the requirements of the Eighth Amendment.

In the context of "conditions of confinement" cases, the Eighth Amendment is concerned only with "deprivations of essential food, medical care or sanitation" or "other conditions intolerable for prison." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *see also Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000) (citing *Farmer v. Brennan,* 511 U.S. 825, 834 (1994) ("[T]he inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm.") From an objective perspective, the injury must be sufficiently serious. *Wilson v. Seiter*, 501 U.S. 294, 297(1991) (stating that Eighth Amendment is implicated by the "unnecessary and wanton infliction of pain" and not "inadvertent failure to provide adequate medical care"); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."); *Talal v. White*, 403 F.3d 423, 426 (6th Cir. 2005) (requiring that the

prisoner demonstrate more than "mere discomfort or inconvenience").

There are no allegations the defendant inflicted unnecessary and wanton pain on Mr. Riddle. Even accepting that he was stressed while waiting for a medical appointment, Mr. Riddle does not allege he was denied care. The 'assurance' of care and the 'need' for care are not synonymous. Without an allegation that Mr. Riddle needed serious medical care that the defendant denied, he cannot sustain a claim that his constitutional rights were violated.

Beyond Mr. Riddle's unsuccessful First and Eighth Amendment claims, it is unclear what other claims he may be attempting to assert. Even for *pro se* pleadings, a district court is not required to conjure up questions never squarely presented to it or to construct full blown claims from sentence fragments. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* Legal conclusions, alone, are not sufficient to present a valid claim, and this Court is not required to accept unwarranted factual inferences. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *see Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971) (A pleading will not be sufficient to state cause of action under Civil Rights Act if its allegations are but conclusions).

*Conclusion*

Based on the foregoing, Mr. Riddle's Motion for Appointment of Counsel (Doc. No. 3) is **denied** as moot, the Motion to Proceed *in forma pauperis* (Doc. No. 2) is **granted** and the Complaint is dismissed pursuant to 28 U.S.C. §1915A. The Court certifies that an appeal from

this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

---

[3] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken in *forma pauperis* if the trial court certifies in writing that it is not taken in good faith."